25-1568
*United States v. Moffitt*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

　　　　*Appellee*,

　　v.                                                25-1568

DEVEN MOFFITT,

　　　　*Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | ANDREW C. GILMAN, Assistant United States Attorney, *for* Jonathan A. Ophardt, First Assistant United States Attorney for the District of Vermont, Burlington, VT. |
| For Defendant-Appellant: | KEVIN M. HENRY, Primmer Piper Eggleston & Cramer PC, Burlington, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Deven Moffitt ("Moffitt") appeals from the June 12, 2025 judgment of the United States District Court for the District of Vermont (Reiss, *C.J.*), convicting him, following a jury trial, of possession with intent to distribute fentanyl and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), possession of firearms in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), and possession of firearms as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Moffitt, principally, to 150 months' imprisonment and seven years' supervised release. On appeal, Moffitt argues the evidence was insufficient to support his conviction for possession of firearms in furtherance of drug trafficking. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

\* \* \*

"We review preserved claims of insufficiency of the evidence *de novo*." *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020). In assessing a sufficiency of the evidence challenge, "we view the evidence in the light most favorable to the Government with all reasonable inferences resolved in the Government's favor." *United States v. Requena*, 980 F.3d 30, 43 (2d Cir. 2020). The "verdict must be upheld if any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt." *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015). "The government's proof need not exclude every possible hypothesis of innocence, and where there are conflicts in the testimony, we defer 'to the jury's determination of

2

the weight of the evidence and the credibility of the witnesses, and to the jury's choice of the competing inferences that can be drawn from the evidence.'" *United States v. Best*, 219 F.3d 192, 200 (2d Cir. 2000) (internal citations omitted) (quoting *United States v. Morrison,* 153 F.3d 34, 49 (2d Cir.1998)).

"To convict for possession of a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c), the government must prove that the defendant possessed the firearm and that the possession occurred in furtherance of a drug trafficking crime." *United States v. Prawl*, 149 F.4th 176, 183 (2d Cir. 2025) (citation omitted), *cert. denied*, No. 25-6819, 2026 WL 795074 (U.S. Mar. 23, 2026). With respect to the furtherance element, "the government must establish the existence of a specific 'nexus' between the charged firearm and the charged drug selling operation." *United States v. Snow*, 462 F.3d 55, 62 (2d Cir. 2006) (quoting *United States v. Finley,* 245 F.3d 199, 203 (2d Cir. 2001)). "The ultimate question is whether the firearm 'afforded some advantage (actual or potential, real or contingent) relevant to the vicissitudes of drug trafficking,' including protection of the drugs, proceeds, or traffickers." *United States v. Lewis*, 62 F.4th 733, 746 (2d Cir. 2023) (quoting *United States v. Lewter*, 402 F.3d 319, 322 (2d Cir. 2005)); *accord Lewter*, 402 F.3d at 323 (noting that "a gun may be possessed for multiple purposes" and that "possession for personal protection does not preclude possession in furtherance of a drug trafficking offense"). On appeal, Moffitt argues that no rational juror could have found "beyond any reasonable doubt that the guns were [possessed by him] for the purpose of furthering a drug trafficking crime." Appellant's Br. 9. We disagree.

Viewing the evidence in the light most favorable to the prosecution, a rational juror could have concluded that Moffitt's "possession of the handguns facilitated or advanced the instant drug trafficking offense by 'protecting himself, his drugs, and his business.'" *Snow*, 462 F.3d at 63

3

(quoting *United States v. Castillo*, 406 F.3d 806, 816 (7th Cir. 2005)). Harley Reynolds, Moffitt's girlfriend, testified that, before his arrest, Moffitt was traveling to give a client drugs and money in recompense for a misplaced EBT card. The "sling bag" Moffitt discarded while fleeing from law enforcement contained large quantities of drugs and two loaded firearms, one of which had the safety off, and Moffitt had over $16,000 in another bag on his person. Additionally, the government introduced text messages from Moffitt, discussing his ownership of "a long 22" and expressing a need to acquire "a 9 or something . . . Asap." App'x 127–28, 133. The jury could have inferred the texts referred to the .22 caliber revolver and 9 mm pistol found in Moffitt's sling bag and concluded his focus on the weapons stemmed in part from a desire to protect drugs and drug proceeds in his possession.

Moffitt maintains that the possession of the guns in "the bottom of a [zipped-up] bag carried over a shoulder" suggests "the guns were of no practical use to ward off a [would-be] robber in this circumstance." Appellant's Br. 19. But the government needed to prove only that the possession of the firearms "afforded some advantage . . . relevant to the vicissitudes of drug trafficking," *Lewter*, 402 F.3d at 322, not that the possession of the firearms provided Moffitt with absolute protection. And, here, the jury could infer that the bag provided Moffitt with sufficient access to the firearms to guard against a range of robbery scenarios.

A rational juror could thus have found beyond a reasonable doubt that Moffitt possessed the guns in part to guard the drugs and money. *See Snow*, 462 F.3d at 63 ("From the proximity between the handguns, proceeds, trace amounts of drugs, and drug paraphernalia, a reasonable juror could conclude that the 'person to be protected was a drug dealer' and 'drug packaging paraphernalia, and the proceeds of drug trafficking' were 'among the things being protected.'" (quoting *Lewter*, 402 F.3d at 323)); *United States v. Willis*, 14 F.4th 170, 185 (2d Cir. 2021)

4

("Because the weapons were readily accessible to protect drugs or drug proceeds, a rational trier of fact could have found that Pierce was guilty of possessing a weapon in furtherance of drug trafficking.").

\* \* \*

We have considered Moffitt's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
